IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHAWN STEWART, BRIAN DAMANN, and GRANT OILAR, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>USA TANK SALES & ERECTION COMPANY INC.,<br><br>Defendant. | CIVIL ACTION No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, SHAWN STEWART, BRIAN DAMANN, and GRANT OILAR, individually and on behalf of all others similarly situated, by and through their attorneys, ENGELMEYER & PEZZANI, LLC and BLAU, BROWN & LEONARD, LLC, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees as a result of USA TANK SALES & ERECTION COMPANY, INC.'s ("Defendant" or "USA TANK") violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Missouri Minimum Wage Law, V.A.M.S. 290.500 *et seq.* ("MMWL").

2. The proposed Class is composed of current or former tank makers who were/are

1

employed by Defendant during the applicable statutory period.

3. Plaintiffs bring this action under the FLSA, 29 U.S.C. § 201 *et seq.* in connection with Defendant's violation of their statutory obligations to pay Plaintiffs overtime compensation at a rate of time and a half (1.5 -) of their regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

4. Plaintiffs also bring this action under the MMWL and overtime statute and regulations. More specifically, Plaintiffs assert that they are entitled to overtime compensation for all work beyond forty (40) hours per week, at a rate of time and a half (1.5) of their regular rate of pay, pursuant to V.A.M.S. 290.500 *et seq.*

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described federal and state wage and hour statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute. As to claims under Missouri State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant are subject to personal jurisdiction in this District.

## THE PARTIES

8. USA TANK is a domestic business corporation organized and existing under

the laws of the State of Missouri.

9. USA TANK is actively doing business in this State and District and maintains facilities and its principal places of business located at the following addresses:

a. 120 South Central Ave Suite 400, Clayton, MO 63105; and

b. 5897 State Hwy 59, Goodman, MO 64843.

10. At relevant times herein, Plaintiff, SHAWN STEWART, was and is a resident of Vernon County, State of Missouri.

11. Plaintiff, SHAWN STEWART, was formerly employed by Defendant as a tank maker during the applicable statutory period.

12. At relevant times herein, Plaintiff, BRIAN DAMANN, was and is a resident of Craig County, State of Oklahoma.

13. Plaintiff, BRIAN DAMANN, was formerly employed by Defendant as a tank maker during the applicable statutory period.

14. At relevant times herein, Plaintiff, GRANT OILAR, was and is a resident of McDonald County, State of Missouri.

15. Plaintiff, GRANT OILAR, was formerly employed by Defendant as a tank maker during the applicable statutory period.

## FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

17. USA TANK is a privately owned establishment operating and doing business as a design-build and services organization specializing in engineering and constructing customized storage systems.

3

18. The primary job responsibilities of Plaintiffs and similarly situated tank makers employed by Defendant during the applicable statutory period, was to carry out the functions described in paragraph 17.

19. USA TANK operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

20. At all times relevant hereto, USA TANK has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

21. At all times material and relevant herein, Defendant was the "employer" of Plaintiffs and similarly situated employees within the meaning of 29 U.S.C §203(d) and V.A.M.S. 290.500.

22. At all times material and relevant herein, Defendant either directly or indirectly hired Plaintiffs and similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

23. At all times material and relevant herein, Defendant controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and similarly situated employees.

24. At all relevant times herein, Plaintiffs and similarly situated tank makers were treated as non-exempt employees by Defendant, and received a day rate regardless of the number of hours they worked each day. .

25. Upon information and belief, during the applicable statutory period, Defendant employed at least fifty (50) tank makers.

26. At all relevant times herein, Defendant maintained control, oversight, and direction over

4

the Plaintiffs and the putative members of the proposed class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

27. Upon information and belief, Defendant never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff and similarly situated employees were employed, in violation of 29 C.F.R. §516.4.

28. Plaintiffs and similarly situated employees were required by Defendant and did regularly work well over forty (40) hours per week.

29. During the applicable statutory period, Plaintiffs and similarly situated employees were paid a day rate for wages, but not paid any overtime compensation by Defendant for work weeks in excess of forty (40) hours.

30. Upon information and belief, at all times material and relevant herein, Defendant failed to keep full and accurate records of Plaintiffs' and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

31. At all relevant times, Plaintiffs and similarly situated employees worked in the manner described above and Defendant encouraged, instructed, and required them to work in this manner.

32. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration, regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Missouri Department of Labor, or any administrative practice or enforcement policy of such departments.

33. Defendant's widespread violations of the above-described federal and state wage and

hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

35. Plaintiffs bring this action individually and on behalf of all other similarly situated employees, who were/are affected by Defendant's willful and intentional violation of the FLSA and the MMWL, as described in this Complaint.

36. Plaintiffs bring this class action to recover monetary damages owed by Defendant to Plaintiffs and members of the putative Class for all unpaid overtime compensation for hours in a work week in excess of forty (40) pursuant to the FLSA and MMWL.

37. Plaintiffs bring this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The Collective is defined as follows:

> (a) **All current and former employees of Defendant, who were/are employed as tank makers in the State of Missouri during the applicable statutory period, and:**
>
> (i) **Who were/are not paid overtime compensation for hours in a work week in excess of forty (40).**

38. The Rule 23 Class under the MMWL is defined as follows:

> (a) **All current and former employees of Defendant, who were/are employed as tank makers in the State of Missouri during the applicable statutory period, and:**
>
> (i) **Who were/are not paid overtime compensation for hours in a work week in excess of forty (40).**

39. This action is properly brought as a class action pursuant to the collective action

6

procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty (50) putative class members have worked for Defendant during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

40. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

    a. Whether Defendant is liable to Plaintiffs and members of the Class for violations of the FLSA and MMWL;

    b. Whether Defendant failed to pay Plaintiffs and members of the Class overtime compensation for all hours in the work week in excess of forty (40).

41. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were damaged by Defendant's system wide policies and practices of failing to pay overtime compensation for all hours in a work week in excess of forty (40), in violation of the FLSA and MMWL.

42. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

43. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

b. Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

44. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

45. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA and MMWL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

46. Plaintiffs and the proposed class members demand a trial by jury.

8

## FIRST CLAIM FOR RELIEF

## (Individual Claims for Violation of FLSA)

47. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

48. Defendant required Plaintiffs to work hours in a work week in excess of forty (40).

49. Defendant failed to pay Plaintiffs overtime compensation for hours in a work week in excess of forty (40).

50. Defendant's failure to pay Plaintiffs overtime compensation for hours in a work week in excess of forty (40), violates the FLSA.

51. Defendant's uniform conduct and practices, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

52. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's uniform policy and practice described above, Plaintiffs were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's system wide wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

C. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period.

D. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled.

E. An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

F. Such other and further relief as to this Court may deem necessary, just and proper.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of MMWL)

54. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

55. Defendant required Plaintiffs to work hours in a work week in excess of forty (40).

56. Defendant failed to pay Plaintiffs overtime compensation for hours in a work week in excess of forty (40).

57. Defendant' failure to pay Plaintiffs overtime compensation for hours in a work week in excess of forty (40), violates the MMWL.

58. A two (2) year statute of limitations applies to each such MMWL violation, pursuant to V.A.M.S. 290.527.

59. Defendant's conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

60. As a result of the foregoing, Plaintiffs was illegally deprived of overtime compensation

10

earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to Mo.Rev.Stat. §290.527.

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime compensation;

B. Liquidated damages pursuant to Mo.Rev.Stat § 290.527;

C. All costs and attorneys' fees incurred in the prosecution of these claims;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. For such other and further relief as this Court deems just and equitable.

## THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

61. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

62. Defendant required Plaintiffs and similarly situated tank makers employed in the State of Missouri to work hours in a work week in excess of forty (40).

63. Defendant failed to pay Plaintiffs and similarly situated tank makers in the State of Missouri overtime compensation for hours in a work week in excess of forty (40).

64. Defendant's failure to pay Plaintiffs and similarly situated tank makers in the State of Missouri overtime compensation for hours in a work week in excess of forty (40), violates the FLSA.

65. Defendant's uniform policy and practice, as described above, was/is willful,

11

intentional, unreasonable, arbitrary and in bad faith.

66. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

67. As a result of Defendant's foregoing violation, Plaintiffs and similarly situated tank makers in the State of Missouri were illegally deprived of regular and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's system wide wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B. Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

C. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period.

D. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled.

E. An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

F.  Such other and further relief as to this Court may deem necessary, just and proper.

## FOURTH CLAIM FOR RELIEF

### (Rule 23 Class Action Claim for Violation of MMWL)

68. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendant required Plaintiffs and the Class members in the State of Missouri to work hours in a work week in excess of forty (40).

70. Defendant failed to pay Plaintiffs and all the other Class members in the State of Missouri overtime compensation for hours in a work week in excess of forty (40).

71. Defendant's failure to pay Plaintiffs and all the other Class members in the State of Missouri overtime compensation for hours in a work week in excess of forty (40), violates the MMWL.

72. Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

73. A two (2) year statute of limitations applies to each such violation, pursuant to V.A.M.S. 290.527.

74. As a result of Defendant's foregoing violation, Plaintiffs and all the other Class members in the State of Missouri were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to V.A.M.S. 290.527.

**WHEREFORE**, Plaintiffs and all employees who fall into the scope of the Class and who do not opt out of this action demand:

A.  Judgment against Defendant for an amount equal to Plaintiffs and Class members' unpaid compensation;

B.  Liquidated damages pursuant to Mo.Rev.Stat § 290.527;

C.  All costs and attorneys' fees incurred in the prosecution of these claims;

D.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E.  For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**ENGELMEYER & PEZZANI, LLC**

By: /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
13321 N. Outer Forty Road, Ste. 300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax: 314-863-7793

-and-

**BLAU, BROWN & LEONARD, LLC**

By: /s/ Jason T. Brown
Jason T. Brown (will seek *Pro Hac Vice* admission)
*jasontbrown@bbpc-law.com*
224 West 30th Street
Suite 1205
New York, NY 10001
Phone: (212) 725-7272
Fax: (212) 488-4848

*Attorneys for Plaintiffs*

14