IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SHAWN STEWART, BRIAN DAMANN, and GRANT OILAR, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12-05136-CV-SW-DGK |
| USA TANK SALES AND ERECTION COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING WITHOUT PREJUDICE "MOTION TO APPROVE STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE"

This case is a putative collective action alleging Defendant USA Tank Sales and Erection Company, Inc. ("USA Tank Sales") violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, and a putative class action alleging USA Tank Sales violated the Missouri Minimum Wage and Maximum Hour Law, Mo. Rev. Stat. §§ 290.500 *et. seq*. Plaintiffs Shawn Stewart, Brian Damann, and Grant Oilar initially sued on behalf of themselves and other similarly situated current or former tank makers employed by USA Tank Sales. After the Court denied a proposed collective action and class action settlement, Plaintiffs submitted a revised settlement. While this settlement was pending before the Court, the United States District Court for the Northern District of Illinois ordered USA Tank Sales into receivership in *The Private Bank and Trust Co. v. Global Storage Solutions*, LLC, et. al., No. 1:15-cv-01600, and entered an order staying this litigation. Plaintiffs subsequently abandoned the revised settlement and negotiated a new settlement covering just their individual claims and, apparently, the claims of two other individuals who are not parties to this lawsuit.

Now before the Court is a document titled "Stipulation and Order of Dismissal with Prejudice" (Doc. 50) and Plaintiffs' "Unopposed Motion to Approve the Stipulation and Order of Dismissal with Prejudice" (Doc. 51). The former is a one-paragraph document stating that as part of the receivership action, "the Parties have agreed to amicably resolve any and all claims by Plaintiffs against Defendant in this action, including claims under the Fair Labor Standards Act." The latter is a motion seeking approval of the parties' new proposed settlement ("the Settlement"). Attached to the motion is the Settlement Agreement and Release (Doc. 51-1). There are, however, no suggestions in support of the motion or legal memorandum explaining why the Court should grant the motion.

As part of the Settlement, the former directors and officers of all defendants in the receivership action will pay $25,000 and two other entities, Tarsco Bolted Tank, Inc. and PrivateBank and Trust Company,[1] will each pay $56,250 into a settlement fund. The $137,500 in settlement funds will then be dispersed as follows: $12,629.58 to Plaintiff Shawn Stewart; $12,687.16 to Plaintiff Brian Damann; $8,406.93 to Plaintiff Grant Oilar; $20,019.23 to Michael Hagermann; $13,896.38 to Nathan Damann; $12,847.31 to Plaintiffs' counsel for reimbursement of expenses; and $57,013 to Plaintiffs' counsel for attorneys' fees. In return, all five of the individuals will waive their FLSA claims against USA Tank Sales.

Unfortunately, the dearth of information in the existing record precludes the Court from approving the Settlement at the present time. For example, the Settlement provides payment to two individuals, Michael Hagermann and Nathan Damann, who are not parties to this lawsuit, and there is no explanation on the record explaining why they are receiving money. If they are not parties to this lawsuit, the Court does not have jurisdiction to approve any settlement of their

---

[1] The Court has no idea who these two entities are or how they are related to the parties to this lawsuit. As best the Court can determine, these entities may be successors in interest to USA Tank Sales.

claims, nor does the Court see any reason to disperse any settlement funds to them. Additionally, nothing in the existing record explains: (1) how this litigation involves a bona fide wage and hour dispute; (2) how the proposed settlement is fair and equitable to all parties; or (3) why the proposed award of attorneys' fees is reasonable.[2] As the Court explained in its previous order (Doc. 30), it cannot approve the Settlement without this information.[3]

Accordingly, Plaintiffs' "Motion for Approval of Joint Stipulation of Settlement and Release" (Doc. 51) is DENIED WITHOUT PREJUDICE.

Before filing a new or renewed motion, the parties should review the Court's previous order (Doc. 30). Any new or renewed motion shall be accompanied by suggestions in support which comply with these requirements.

**IT IS SO ORDERED.**

Date:  August 3, 2015                                        /s/ Greg Kays
                                                             GREG KAYS, CHIEF JUDGE
                                                             UNITED STATES DISTRICT COURT

---

[2] The Court notes counsel seeks approximately $70,000 in fees and expenses, which is more than 50 percent of the total Settlement amount. Given the amount requested, counsel should explain why this amount is reasonable and file their fee agreement for the Court's review.

[3] The Court recognizes that the parties attempted to provide some of this information in their suggestions in support (Doc. 47) of the previously proposed settlement. Unfortunately, much of this previous filing was conclusory and inadequate. For example, the parties stated the dispute concerned whether Plaintiffs are exempt from being paid overtime under the FLSA, but did not outline the parties' respective positions for why Plaintiffs are or are not exempt. This information is necessary to determine whether there is a bona fide dispute. It also informs the Court about the relative strength of the parties' claims, so the Court can make an informed decision whether the Settlement is reasonable.