IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SHAWN STEWART,<br>BRIAN DAMANN,<br>NATHAN DAMANN,<br>MICHAEL HAGERMAN,<br>and GRANT OILAR, individually and on<br>behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>USA TANK SALES AND ERECTION<br>COMPANY, INC.,<br><br>    Defendant. | No. 12-05136-CV-SW-DGK |

## ORDER APPROVING FLSA SETTLEMENT

This case is a putative collective action alleging Defendant USA Tank Sales and Erection Company, Inc. ("USA Tank") violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and an individual action alleging USA Tank Sales violated the Missouri Minimum Wage and Maximum Hour Law, Mo. Rev. Stat. §§ 290.500, by failing to provide overtime pay.

Now before the Court are the third proposed settlement ("the Settlement") (Doc. 51-1) and Plaintiffs' Unopposed Motion to Approve Stipulation of Dismissal with Prejudice (Doc. 62). Finding that the prerequisites for approval have been met, the motion is GRANTED.

**Background**

On December 24, 2012, Plaintiffs Shawn Stewart, Brian Damann, and Grant Oilar filed this FLSA collective action lawsuit on behalf of themselves and other similarly situated current

or former tank makers[1] employed by USA Tank.  The Complaint alleged USA Tank violated the FLSA and Missouri law by paying a day-rate without overtime compensation.

Early on in this litigation, the parties sought to settle this case.  The Court denied the parties' first proposed settlement because it contained several problematic provisions.[2]

The parties then submitted a revised settlement.  While this proposed settlement was pending, the United States District Court for the Northern District of Illinois ordered USA Tank into receivership and entered an order staying this litigation.

In the course of navigating the receivership action, Plaintiffs abandoned the revised settlement and negotiated a third proposed settlement ("the Settlement") (Doc. 51-1) covering their individual claims and the claims of two other former tank makers, Michael Hagermann and Nathan Damann, who have joined this lawsuit.  Plaintiffs' counsel then submitted the Settlement for approval, but did not file a brief explaining why the Court should approve it.  The Court denied approval without prejudice.  Order (Doc. 58) at 3.  Plaintiffs then re-filed the motion with appropriate Suggestions in Support (Doc. 63).

The essential terms of the Settlement are as follows.  USA Tank's former directors and officers, The Privatebank and Trust Company (USA Tank's senior secured creditor), and Tarsco Bolted Tank, Inc. (a successor in interest to USA Tank) have paid a total of $137,500 into a settlement fund.  The parties propose dispersing these funds as follows: $12,629.58 to Shawn Stewart; $12,687.16 to Brian Damann; $8,406.93 to Grant Oilar; $20,019.23 to Michael

---

[1] USA Tank's tank makers build storage tanks on customers' sites.

[2] The Court was concerned that: (1) the settlement contained a reversion provision; (2) the settlement denied class members an opportunity to opt-out of the settlement of their state law claims; (3) the settlement was a claims made settlement despite the fact that all of the class members' names, social security numbers, and addresses were known; (4) the enhancement payments to the class representatives ranging between $17,000 and $25,000 were too high; (5) the attorneys' fee award might be too high; (6) the "clear sailing" provision on attorneys' fees was not in the best interests of the class members; and (7) allowing USA Tank to serve as the claims administrator was a conflict of interest.  Order Den. Approval of Proposed Class Settlement (Doc. 30) at 11-16.

2

Case 3:12-cv-05136-DGK   Document 64   Filed 02/03/16   Page 2 of 6

Hagermann; $13,896.38 to Nathan Damann; $12,847.31 to Plaintiffs' counsel for reimbursement of expenses; and $57,013 to Plaintiffs' counsel for attorneys' fees. In return, all five Plaintiffs will waive their FLSA and Missouri state law claims against USA Tank. The Settlement does not compromise the putative class members' claims.[3]

**Standard**

An employee may compromise or waive an FLSA claim "if [the] employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment" on the settlement after scrutinizing the settlement for fairness. *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (noting that FLSA rights can only be compromised in a court action where the employee initiates the lawsuit against the employer); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement under 29 U.S.C. § 216(b), the court must find that: "(1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorneys' fees." *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012).

Public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354. In reviewing a proposed settlement, a court must not substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (rejecting objectors' appeal of a district court's order approving a proposed settlement in a class action case).

---

[3] Granted, this is may be a moot point given that the statute of limitations is at most three years. 29 U.S.C. § 255(a). Absent equitable tolling, the putative class members' claims either have expired or will expire soon. *See Hembree v. Mid-Continent Transp., Inc.*, No. 08-6094-CV-SJ-HFS, 2010 WL 3927764, at *1-2 (W.D. Mo. Oct. 4, 2010) (discussing equitable tolling of the statute of limitations).

3

## Discussion

The Court finds the Settlement satisfies the prerequisites for approval.

**A.      The parties have shown a bona fide wage and hour dispute exists.**

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012).

The parties have submitted evidence demonstrating that USA Tanks employed the Plaintiffs during the relevant period as tank makers, and that a bona fide dispute exists concerning whether USA Tank improperly paid them a day rate without overtime compensation. Plaintiffs contend that they worked approximately ten hours per day and approximately five days per week, resulting in them working in excess of approximately ten hours per week without receiving overtime pay.

USA Tank denies this, arguing Plaintiffs worked significantly fewer hours.  But USA Tank did not maintain any records showing the number of hours its tank makers worked on any given day.

The Court finds a bona fide dispute exists.

### B. The Settlement is fair and equitable to all parties.

To evaluate the fairness and equitableness of an FLSA settlement, the Court considers the following factors:

> (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (2) how the settlement was negotiated, *i.e.*, whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*McGee v. Concentra Health Servs., Inc.*, No. 12-CV-1277-W-DGK, 2015 WL 58532, at *3 (W.D. Mo. Jan. 5, 2015) (internal quotation marks omitted).

Collectively, these factors favor approving the Settlement, albeit just barely. Although Plaintiffs engaged in limited discovery, the Settlement is the product of at least two mediations as well as urgent negotiations in the receivership actions. Further, all of the individual Plaintiffs have embraced the Settlement, and since the Plaintiffs have declined to pursue class certification, the Court does not need to be concerned about whether absent class members are receiving adequate value for their claims. Finally, the Court is convinced that Plaintiffs' recovery is the best recovery possible under the circumstances of the receivership action and the multiplicity of legal issues and defenses it presents.

### C. The Settlement provides for a reasonable award of attorneys' fees.

Finally, the Settlement provides for a reasonable award of attorneys' fees. The FLSA entitles a prevailing plaintiff to an award of fees and costs, and although the court has discretion in determining what a reasonable fee is, a fee award is mandatory. *Gambrell*, 2012 WL 162403, at *2. Because the Settlement provides Plaintiffs with some benefit, they are the prevailing party and their attorneys are entitled to a reasonable fee.

The Court has reviewed Plaintiffs' counsel's time sheets and finds that they are, for the most part, reasonable, and that the lodestar amount counsel would be entitled to is greater than the $57,013 actually awarded. Thus, the fee award is reasonable under the circumstances.

Because the relevant factors support approval, the Court GRANTS Plaintiffs' Unopposed Motion to Approve Stipulation of Dismissal with Prejudice (Doc. 62).

**IT IS SO ORDERED.**

Date:  February 3, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT